[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DATE OF SENTENCE 8 JUNE 1990 DATE OF APPLICATION 8 JUNE 1990 DATE APPLICATION FILED 8 JUNE 1990 DATE OF DECISION 25 APRIL 1995
Application for review of sentence imposed by the Superior Court, Judicial District of Fairfield at Bridgeport. Docket No. 34,450.
Michael Fitzpatrick, Esq., For the Petitioner.
Jonathan Benedict, Esq., For the State of Connecticut. CT Page 5086
BY THE DIVISION
The petitioner was found guilty of one count of Possession with Intent to Sell Cocaine in violation of 21a-278(b).
He was sentenced to the maximum penalty allowed by law of twenty years to serve.
The record shows that the petitioner was a passenger in an automobile that was fleeing an officer in pursuit. During the chase the petitioner was observed throwing an object out of the window. When recovered the object was one kilogram of cocaine (2 lbs. six ounces), with a purity value of approximately 8%. The state police officer involved in the pursuit was seriously injured.
At the hearing counsel for the petitioner claimed the sentence was excessive or disproportionate. It was counsel's position that since the driver of the car only received eight and one-half years to serve and since there was no appreciable difference in their culpability that such a disparity requires the panel to reduce the petitioner's sentence. Counsel noted that the petitioner has a Immigration hold on his record that would subject him to deportation once he finishes his sentence in Connecticut.
The attorney for the state pointed out that the co-defendant plead out without a trial thereby saving the state and the judicial system the burden of trying his case. Counsel pointed out that the amount of drugs found required the court to impose the maximum sentence allowed by law. In closing he asked the panel to affirm the trial court's decision.
In examining the remarks of the sentencing court we find that it took into consideration the amount of drugs, its purity and the amount of harm that would have been inflicted in the community if they got through to the drug sellers. The court also took into consideration the fact that a trooper was seriously hurt in the chase and that a young child was in the CT Page 5087 car with the petitioner during the pursuit. The court failed to find anything mitigating in the petitioner's conduct and noted that the petitioner exhibited no remorse for his actions.
In reviewing the sentence imposed we note that it is the maximum allowed by the legislature for crimes of this nature. When comparing the sentence to the mandates of Practice Book § 942 we find that the sentence is appropriate and not disproportionate for the nature of the crime, the character of the petitioner and the duty of the court to protect the public's interest.
The sentence is AFFIRMED.
Norko, J. Purtill, J. Klaczak, J.
Norko, J., Purtill, J., and Klaczak, J., participated in this decision.